IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Bradley Neal Steele, | ) | Case No. 5:21-cv-1173-RMG |
| | ) | |
| Petitioner, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Warden Nanette Barnes, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 23) recommending that this Court dismiss Plaintiff's petition pursuant to Fed. R. Civ. P. 41(b). For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses this action.

I.   **Background**

Petitioner, proceeding *pro se*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time of filing, Petitioner was a federal inmate incarcerated at FCI Bennettsville. Plaintiff is now incarcerated at FCI Yazoo City Medium. Petitioner alleges he made a request under the Interstate Agreement on Detainers Act ("IADA") on June 23, 2020, through the FCI Bennettsville supervisory correctional system specialist, seeking removal of detainers that had been lodged against him in Blount County Alabama. (Dkt. No. 1 at 1); (Dkt. No. 1-4 at 2). Petitioner states the request was sent to the second forum, the prosecuting attorney in Oneonta, Alabama, on July 2, 2020. (Dkt. No. 1 at 1). Petitioner claims the prosecuting attorney failed to respond or request an extension of time or take any other action under the IADA. (*Id.*). Petitioner asks the court to immediately dismiss the detainer and invalidate the indictments. (*Id.* at 2).

On May 19, 2021, the Magistrate Judge issued a proper form order notifying Petitioner that his habeas petition was subject to summary dismissal because he failed to allege sufficient factual allegations to state a claim. (Dkt. No. 15). The order provided Petitioner 14 days to file an amended petition or otherwise cure the identified deficiencies in his pleading. Petitioner did not file a response nor has mail addressed to him at the address he provided been returned.

On July 15, 2021, the Magistrate Judge issued an R&R recommending that Petitioner's petition be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order. (Dkt. No. 23).

## II.   Legal Standards

### a.   *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b.   Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Petitioner did not file objections to the R&R, the R&R is reviewed for clear error.

## III.    Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that this action should be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order. Specifically, the Magistrate Judge correctly noted that, as pled, Petitioner's petition fails to state a claim. *See* (Dkt. No. 23 at 3) (noting Petitioner has failed to allege any facts to establish he has suffered any prejudice in his incarceration or in defending against the charges against him); *Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir.1985) (noting petitioner, who sought habeas corpus relief for an alleged violation of the IADA time provisions for speedy disposition of untried charges, had failed to introduce any evidence to show that the delay in disposition caused petitioner to suffer prejudice, and therefore Petitioner failed to present a cognizable habeas claim). The Magistrate Judge also correctly noted that Petitioner had not exhausted available state remedies in Alabama, which he must do before challenging a state detainer pursuant to § 2241. *See Grant v. Hogan*, 505 F.2d 1220, 1223 (3d Cir.1974) (explaining when a federal prisoner challenges a state detainer pursuant to § 2241, he must exhaust available administrative remedies provided by the IADA in the state lodging the detainer before he seeks federal habeas relief). Finally, as Petitioner has been given an opportunity to correct the defects in his petitioner and had been warned that failure to timely file an amended petitioner or cure the identified deficiencies

would subject his claims to dismissal, the Court finds the Magistrate Judge correctly recommend that this action be dismissed for failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b). Accordingly, this action is dismissed without prejudice.

## IV.     Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 23) as the order of Court and **DISMISSES** this action without prejudice.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

August 5, 2021
Charleston, South Carolina